## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**BARINDA EDWARDS,**

     Plaintiff,

vs.

Case No. _____

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

**Jury Trial Demanded**

     Defendant.

## COMPLAINT FOR DAMAGES

The plaintiff BARINDA EDWARDS brings this action against Defendant

EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and alleges as

follows, upon information and belief:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this case against Experian Information Solutions, Inc.,

a national credit reporting agency, for violating the Fair Credit Reporting Act by

erroneously reporting her deceased sister's $27,229 defaulted student loan on

Plaintiff's credit reports.  Experian has inexplicably refused to remove the account

from Plaintiff's report even after Plaintiff disputed the placement of this account

1

on her report.

2.    The erroneously placed student loan has caused Plaintiff to be denied

multiple mortgage applications and have created tremendous difficulty for her in

her attempts to purchase a home.  Plaintiff brings this action for actual and punitive

damages brought pursuant to 15 U.S.C. § 1681 *et seq.* ("Fair Credit Reporting Act"

or "FCRA").

## JURISDICTION AND VENUE

3.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).

4.    Venue is properly laid pursuant to 28 U.S.C. § 1391(b) as a

substantial part of the events or omissions giving rise to the claim occurred in this

district.

## PARTIES

5.    Plaintiff Barinda D. Edwards is a resident of Lithonia, Georgia and a

"consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

6.    Defendant Experian Information Solutions, Inc. ("Experian") is an

Ohio corporation, duly registered and qualified to do business in the State of

Georgia.

7.    Experian is a "consumer reporting agency" within the meaning of the

FCRA [15 U.S.C. § 1681a(f)].

## **FACTUAL BACKGROUND**

8.     In 2014 or 2015, Plaintiff obtained a credit report that Experian generated regarding her creditworthiness.

9.     Plaintiff saw that Experian reported a collections account with the United States Department of Education ("US DOE"), and reported that Plaintiff owed $27,229 that was past due on this account.

10.    Plaintiff has never had a student loan with the US DOE, or any other lender, that fell into collections.

11.    Plaintiff believes the US DOE collections account may belong to her deceased sister Brenda A. Edwards.

12.    Plaintiff disputed the reporting of this account with Experian.

13.    Despite receiving her disputes, Experian refused to remove the inaccurate account.

14.    Since 2015, Plaintiff has been attempting to purchase a home in the Atlanta area.

15.    Plaintiff has been rejected for every mortgage and home loan that she has applied for.

16.     Other major credit reporting agencies, such as Trans Union LLC and Equifax Information Services LLC have not reported that Plaintiff has a collections account with the US DOE with $27,229 past due.

17.     On or around July 14, 2016, Plaintiff applied for a mortgage with Cornerstone Mortgage Group ("Cornerstone").

18.     In considering her application, Cornerstone obtained a credit report regarding the plaintiff from Experian, on July 14, 2016.

19.     The report Experian provided Cornerstone included the US DOE collections account that did not belong to the Plaintiff.

20.     Cornerstone rejected Plaintiff's application for a mortgage.

21.     The mortgage representative from Cornerstone informed Plaintiff that if her Experian credit report had not contained the $27,229 past due student loan, Cornerstone would have offered her a mortgage.

22.     On or around July 15, 2016, Plaintiff again disputed the placement of the US DOE collections account with Experian.

23.     Experian sent the plaintiff dispute results stating that it had completed processing the dispute and had updated the information.

24.     Experian continued to report the US DOE collections account on

Plaintiff's credit report.

25.    With the dispute results, Experian included a number at which Plaintiff could call the US DOE. Experian claimed the US DOE was furnishing the information to Experian.

26.    Plaintiff called the US DOE at this phone number.  This number led Plaintiff to the Default Resolution Group at US DOE.

27.    Plaintiff gave the US DOE her name and social security number.

28.    The US DOE informed Plaintiff that she did not have any defaulted accounts with the US DOE.

29.    The US DOE even read back Plaintiff's social security number to her, and then again confirmed that Plaintiff was not associated with any defaulted US DOE accounts.

30.    Therefore, the Default Resolution Group at DOE, at the phone number Experian provided to Plaintiff, could not assist Plaintiff with the erroneous reporting.

31.    On August 2, 2016, Plaintiff obtained another copy of her credit report prepared by Experian.

32.    On this report, Experian reported the US DOE collections account.

With this account, Experian reported under a section titled "Reinvestigation information" the following: "This item was updated from the processing of your dispute in Jul 2016."

33.     With the US DOE account, Experian also reported under a section titled "Your statement" the following: "I HAVE NO KNOWLEDGE OF THIS ACCOUNT."

34.     The August 2, 2016 report contained a section called "Social security number variation(s)."  In this section, Experian reported four different social security numbers for the Plaintiff.

35.     The Plaintiff has only one social security number.

36.     No person has four different social security numbers.

37.     In a section called "Name," Experian reported the plaintiff's name, along with multiple other names that are not the plaintiff's, such as "Brenda Edwards," "Brenda J Edwards," and "Brenda Edward."

38.     In a section called "Address," Experian reported eleven addresses. At least three of these addresses were not addresses where Plaintiff ever lived.

39.     On September 3, 2016, Plaintiff applied for a home loan with Quicken Loans.

40.    In considering her application, Quicken Loans obtained a credit report

regarding the plaintiff from Credstar, a reseller of credit reports owned by

CoreLogic, Inc.

41.    Credstar assembled a report regarding the creditworthiness of Plaintiff

using credit report information provided by Experian.

42.    The Credstar report provided to Quicken on September 3, 2016

included the $27,229 student loan in collections, and stated that information

regarding this collections account was provided by Experian.

43.    The Credstar report also stated that Experian reported multiple social

security numbers regarding the plaintiff.

44.    The Credstar report also stated that Experian reported multiple names

regarding the plaintiff, including names such as "Brenda A Edwards" and "Brenda

J Edwards."

45.    Based on this report, Quicken Loans rejected the Plaintiff's

application for a home loan.

46.    In a letter to Plaintiff, Quicken stated, "We obtained your credit score

from Experian and used it in making our credit decision."

47.    Quicken stated that Experian provided it with a score of 546 regarding

the Plaintiff.  Among the reasons for this score was the following statement:

"There is a serious delinquency on your credit report."

48.    On September 23, 2016, Plaintiff applied for a home loan with American Equity Mortgage, Inc. ("AEM").

49.    In considering her application, AEM obtained a credit report regarding the Plaintiff from Experian.

50.    AEM informed Plaintiff that she could not quality for a mortgage with the defaulted US DOE loan on her credit report, even though Plaintiff informed AEM that it was not her loan.

51.    Experian has continued to report the defaulted student loan collections account even though Plaintiff has disputed multiple times to Experian, informing Experian that it is not her account. Experian's continued reporting of a defaulted student loan that is not the Plaintiff's has caused her to become unable to obtain a mortgage.  These economic hardships have taken a serious toll on the plaintiff's well-being and have caused her a significant amount of emotional distress.

### FIRST CAUSE OF ACTION
VIOLATION OF THE FCRA

52.    The plaintiff repeats and realleges each and every allegation set forth

above as if reasserted and realleged herein.

53.   Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

54.   Such reports falsely stated that the subject defaulted student loan collections account belonged to the plaintiff.  Experian knew, or should have known, that the reports contained erroneous information and that this defaulted student loan collections account did not belong to the plaintiff.

55.   Experian willfully (or, in the alternative, negligently) failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to numerous third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

56.   Experian willfully (or, in the alternative, negligently) violated 15 USC § 1681i by failing to conduct a reasonable reinvestigation of the plaintiff's dispute of the subject defaulted student loan collections account.

57.   Experian published credit reports regarding the plaintiff on multiple occasions containing the inaccurate defaulted student loan collections account,

before and after Plaintiff disputed, causing Plaintiff economic harm via credit

denials, limiting her opportunities for credit, increasing the interest rates available

to her on the credit she could obtain, damaging her reputation, and causing her

significant emotional distress.

58.     Experian is thus liable to the plaintiff for actual and punitive damages

in an amount to be determined by the trier of fact, as well as the plaintiff's

reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681o and 1681n.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF**

**ACTION ASSERTED HEREIN.**

Dated: October 20, 2016.

/s/Matthew S. Harman
Matthew S. Harman
Georgia Bar No. 327169
Eric Fredrickson
Georgia Bar No. 489783

Harman Law LLC
3414 Peachtree Road NE, Suite 1250
Atlanta, GA  30326
Tel: (404) 554-0777
Fax: (404) 424-9370
Email:  mharman@harmanlaw.com
            efredrickson@harmanlaw.com

-AND-

Sameer S. Birring
*(Pro hac vice motion forthcoming)*

Birring Law Firm, P.C.
43 West 43rd Street, Suite 134
New York, NY 10036
Tel: (646) 801-2712
Fax: (646) 798-0110
Email:  sameer@birringlaw.com

*Attorneys for Plaintiff*

11